[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON THE PLAINTIFF'S APPLICATION FOR PREJUDGMENT REMEDY
The plaintiff, Wightwood School, Inc., seeks a prejudgment remedy (PJR) in the form of an attachment against the real property owned by the defendants, Dwayne C. Brooks and Michelle A. Brooks for a debt due to it in the amount of $17,339.95 which represents the balance due on tuition for their child.
The defendants do not deny the aforesaid sum is due and owing to the plaintiff. Nevertheless, the defendants argue that the plaintiff is not entitled to a prejudgment remedy on the grounds that by bringing this action through an attorney, the plaintiff breached a supplemental agreement entered into by the parties and that the original agreement violated Connecticut Unfair Trade Practices Act, General Statutes § 42-110 a. et seq (CUPTA). The court agrees with the defendants with respect to both issues.
 I CUPTA ISSUE
The plaintiff entered into a contractual agreement with the defendant for the education of their children. The plaintiff's preprinted contract, obviously a contract used for all the children enrolled in the school, in part provides: "You agree CT Page 2708 that this is a commercial transaction as that is defined in section 52-278a(a) of the Connecticut General Statutes. If you are in default of your obligations under this contract, you consent to a prejudgment attachment of your real estate prior to a hearing and waive your right to such a hearing prior to the imposition of a prejudgment remedy."
CUPTA provides that a commercial transaction "is not a consumer transaction". General Statutes § 52-278a(a). A "consumer transaction" is a "transaction in which a natural person obligates himself to pay for goods sold or leased, services rendered or moneys owed for personal family or household purposes". General Statutes § 52-278a(b). Accordingly, the tuition for which the defendants were obligated to pay by the terms of the contract was a consumer transaction. The contract violates CUPTA when it purports to waive the defendant's right to a prejudgment remedy hearing. General Statutes, § 42-110b.
The plaintiff claims that there is no probable cause to support a CUPTA violation, because the defendants failed to demonstrate that the practice of requiring a waiver of the prejudgment remedy hearing was a common practice of the plaintiff. The plaintiff, however, overlooks that the clause is part of its preprinted contract obviously used for the parents of all the children attending the school. The court finds that it is probable that the requirement of the prejudgment remedy clause was a common practice.
 II
The supplemental written contract entered into by the parties provides for the payment of $300.00 per month on the tuition debt by the defendants. Although the defendants have not paid the three hundred dollars for several months, the plaintiff has failed to abide by the terms of the supplemental contract which provides: ". . . any breech (sic) of their payment plan will result in the debt being turned over to a collection agency." (emphasis supplied). The plaintiff, instead, turned the debt over to an attorney for collection subjecting the defendants to attorney fees, which are part of the prayer for relief in the proposed complaint. This is not merely a technical breach of the supplemental agreement. If it was turned over to a collection agency, the defendants would not be liable for attorneys fees. General Statutes § 36a-805 (prohibited practices). CT Page 2709
Accordingly, the plaintiff's application for prejudgment remedy is denied.
Berdon, J.